```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SKYLINE RESTORATION, INC.,

                         Plaintiff,              **REPORT AND**
                                                 **RECOMMENDATION**
      -against-                                  18-cv-5634 (JS)(SIL)

GREAT AMERICAN RESTORATION
SERVICES INC.,

                         Defendant.
----------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court, on referral from the Honorable Joanna Seybert for Report and Recommendation in this diversity breach of contract, unjust enrichment and *quantum meruit* action is Plaintiff Skyline Restoration, Inc.'s ("Plaintiff" or "Skyline") Motion for Default Judgment. *See* Docket Entry ("DE") [10]. Plaintiff commenced this action against Defendant Great American Restoration Services Inc. ("Defendant" or "Great American") by Complaint filed on October 9, 2018. *See* Complaint ("Compl."), DE [1]. After Defendant failed to appear or otherwise defend this action, the Clerk of the Court entered default against it on January 16, 2019. *See* DE [9]. On February 6, 2019, Skyline filed the instant motion, which Judge Seybert referred to this Court for a recommendation as to whether Plaintiff has demonstrated that the allegations in the Complaint establish Great American's liability such that the motion should be granted, and if so, to determine the appropriate remedies. *See* Electronic Order dated April 9, 2019. For the reasons set forth herein, it is

1

respectfully recommended that Skyline's motion be granted in part and denied in part and that Plaintiff be awarded damages and additional relief as described below.

## I. BACKGROUND

Skyline, an Illinois corporation with its principal place of business in Cook County Illinois, and Defendant, a New York corporation with its principal place of business in Long Island City, New York, are both in the business of restoring buildings damaged in natural disasters and other catastrophic events. *See* Compl. ¶¶ 1, 2, 5; Declaration of Doug Burton ("Burton Decl."), DE [10-6], ¶¶ 4-5. In September 2017, Plaintiff and Great American entered into an oral agreement (the "Agreement"), by which Skyline would provide Defendant with commercial drying equipment (the "Equipment") in exchange for payment so that Great American could complete a restoration project in Texas. *See* Compl. ¶¶ 6-7; Burton Decl. ¶¶ 6-8. On September 4, 2017, Skyline delivered the Equipment to Defendant's project site in Texas, Great American used the Equipment and Plaintiff retrieved the Equipment on September 10 and 11, 2017. *See* Compl. ¶¶ 7-8; Burton Decl. ¶¶ 8-9. On September 29, 2017, Skyline invoiced Defendant for use of the Equipment in the amount of $77,830.20. *See* Burton Decl. ¶¶ 10-11. After "numerous requests," however, Great American has not paid Plaintiff any of the invoiced amount. *See* Compl. ¶ 10; Burton Decl. ¶ 12.

By way of Complaint filed on October 9, 2018, Skyline commenced this action against Defendant, asserting claims for breach of contract, unjust enrichment and *quantum meruit* and seeking, among other things, damages for the unpaid use of the

2

Equipment, including principal in the amount of $77,830.20, and additional pre- and post-judgment interest. *See* Compl., 4. Plaintiff effectuated service of the Summons and Complaint upon Defendant, in accordance with Section 306 of New York's Business Corporation Law, on October 12, 2018. *See* Affidavit of Service Through the Secretary of State, DE [10-4]. Defendant failed to timely answer, move or otherwise respond to the Complaint. Accordingly, at Plaintiff's request, the Clerk of the Court entered default against Great American on January 16, 2019. *See* DE [9].

On February 6 2019, Skyline filed the instant motion, which Judge Seybert referred to this Court for a Report and Recommendation on April 9, 2019. *See* Electronic Order dated April 9, 2019.

## II. DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of a default judgment

3

is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).

## III. DISCUSSION

### A. <u>Choice of Law</u>

As an initial matter, the Court must determine what law should be applied to Plaintiff's claims. In a diversity action, the Court applies the choice of law rules of the forum state. *See Giannotti v. Am. Legend Aircraft Co.*, No.15-cv-4769, 2016 WL 5376253, at *3, n.1 (E.D.N.Y. July 26, 2016) (citing *Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 871 (2d Cir. 1994)), *report and recommendation adopted*,

4

2016 WL 5374101 (E.D.N.Y. Sept. 26, 2016). New York law provides that parties may consent to the law of a particular jurisdiction through their conduct, absent "strong countervailing public policy." *See Walter E. Heller & Co. v. Video Innovations, Inc.*, 730 F.2d 50, 52 (2d Cir. 1984) (citations omitted); *Chung v. Sano*, No. 10-cv-2301, 2011 WL 1303292, at *7 (E.D.N.Y. Feb. 25, 2011) ("When neither party raises the issue of choice of law, it can be said that they have consented to the application of the forum state's law.") (internal quotation marks and citation omitted), *report and recommendation adopted*, 2011 WL 1298891 (E.D.N.Y. Mar. 31, 2011).

Here, Defendant has defaulted, and Skyline cites New York law in support of each of its claims. *See* Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment Pursuant to Fed. R. Civ. P. § 55(b) ("Pl. Memo"), DE [10-9], 7-8. Accordingly, the Court will apply New York law in considering Plaintiff's claims. *See Giannotti*, 2016 WL 5376253, at *3, n.1 (applying New York law where plaintiff relied on New York law and defendant defaulted).

**B. Liability**

Skyline has asserted liability under three separate, albeit related, theories: (i) breach of contract; (ii) unjust enrichment; and (iii) *quantum meruit*. *See* Compl. ¶¶ 14-24. Here, Plaintiff's allegations, together with the uncontested facts before the Court, establish liability for breach of obligations contained in the Agreement as a matter of law.

5

> *i.   Breach of Contract*

The elements of breach of contract in New York are: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Martino v. MarineMax Ne., LLC*, No. 17-cv-4708, 2018 WL 6199557, at \*3 (E.D.N.Y. Nov. 28, 2018) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)). Skyline sufficiently pleads these four elements.

First, Plaintiff alleges that the parties entered into an oral Agreement, by which Skyline would deliver the Equipment to Defendant in exchange for $77,830.20. *See* Compl. ¶¶ 6-7; Burton Decl. ¶¶ 6-8. New York law recognizes that oral contracts can be binding and enforceable. *See F.D.I.C. v. Hoyle*, No. 10-cv-4245, 2012 WL 4049808, at \*4 (E.D.N.Y. Aug. 2, 2012) (citations omitted), *report and recommendation adopted*, 2012 WL 4049950 (E.D.N.Y. Sept. 13, 2012); *Bio Hi-Tech Co. v. Comax, Inc.*, No. 07-cv-2260, 2009 WL 3497490, at \*6-\*7 (E.D.N.Y. Oct. 28, 2009) (adopting recommendation regarding damages in favor of plaintiff where parties had entered into oral agreement through which plaintiff loaned defendant waste processing machinery and defendant failed to return the machinery, despite plaintiff's repeated demands for return). The parties' intent at the time of agreement determines whether or not an enforceable contract was formed. *See Haskell Co. v. Radiant Energy Corp.*, No. 05-cv-4403, 2007 WL 2746903, at \*8 (E.D.N.Y. Sept. 19, 2007). To determine the parties' intent, courts consider whether: (i) there "has been an express reservation between the parties not to be bound absent a formal writing";

(ii) one party has partially performed; (iii) there are material terms left to be negotiated; and (iv) this is the type of agreement that is typically reduced to writing. *Id.* (citations omitted). Here, there is no evidence to suggest that Defendant did not intend to be bound by the parties' oral Agreement. *See id.* ("[I]t is incumbent upon the party who does not wish to be bound by an oral contract to communicate an intent not to be bound.") (internal quotation marks and citation omitted). Additionally, Skyline not only partially performed, but fully performed by delivering the Equipment, which Defendant, in turn, used. *See R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 75-76 (2d Cir. 1984) ("[P]artial performance is an unmistakable signal that one party believes there is a contract; and the party who accepts performance signals, by that act, that it also understands a contract to be in effect."). Further, there were no material terms of the Agreement left to be negotiated. Finally, Plaintiff does not allege any facts to indicate that the Agreement was of the type usually reduced to writing. Accordingly, the oral Agreement between Skyline and Great American is binding and enforceable.

Plaintiff has further established the remaining elements of breach of contract. Skyline performed by delivering the Equipment to Defendant's project site in Texas on September 4, 2017. *See* Compl. ¶¶ 7-8; Burton Decl. ¶¶ 8-9. Defendant failed to perform by not paying for use of the Equipment. *See* Compl. ¶¶ 9-10; Burton Decl. ¶ 12. As a result, Skyline has suffered damages in the amount of $77,830.20. *See* Compl. ¶17; Burton Decl. ¶¶ 16, 19. Accordingly, the Court recommends that Great American be found liable for breaching the Agreement.

### ii.   *Unjust Enrichment and Quantum Meruit*

New York law does not permit recovery under unjust enrichment or *quantum meruit* where such claims are duplicative of a breach of contract claim and the court has determined that there is a valid, enforceable contract that governs the same subject matter. *See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011) ("The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement.") (internal quotation marks and citation omitted); *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) ("New York law does not permit recovery in quantum meruit . . . if the parties have a valid, enforceable contract that governs the same subject matter as the quantum meruit claim.") (citations omitted); *see also Cont'l Cas. Co. v. Contest Promotions NY, LLC*, No. 15-cv-501, 2016 WL 1255726, at *3-*4 (E.D.N.Y. Mar. 28, 2016) (denying default judgment as to unjust enrichment claim upon finding that it was duplicative of breach of contract claim). Here, Plaintiff's unjust enrichment and *quantum meruit* claims arise from the same factual allegations as the breach of contract claim. *See* Compl. ¶¶ 18-24. As the Court has already found that Skyline sufficiently pleaded existence of a valid, enforceable oral Agreement, the Court recommends that liability as to the unjust enrichment and *quantum meruit* claims be denied.

## C. Damages

Having established Defendant's liability and that a default judgment is appropriate, the Court next determines whether to award damages and in what

amount. Skyline seeks the total amount due under the Agreement, as well as pre- and post- judgment interest.

The court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. App'x. 28, 31 (2d Cir. 2014). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997). Damages for breach of contract are measured as the amount necessary to put the Plaintiff "in the same economic position he would have been in had the Defendant fulfilled his contract." *LG Capital Funding, LLC v. 5Barz Int'l, Inc.*, 307 F. Supp. 3d 84, 100 (E.D.N.Y. 2018) (quoting *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995)).

      *i.   Total Amount Due Under the Agreement*

Plaintiff seeks the total amount due under the Agreement of $77,830.20. *See* Burton Decl. ¶ 19; Pl. Memo, 8-9. In support of its request, Skyline has submitted an invoice dated September 29, 2017 and addressed to Great American, which describes the type, quantity and cost of each piece of the Equipment that Plaintiff delivered to Defendant and the dates of delivery and pickup. *See* Burton Decl. ¶ 11. The invoice establishes that if Great American had fulfilled the Agreement, Skyline would have

9

received $77,830.20.  Accordingly, the Court respectfully recommends that Plaintiff be awarded the total amount due on the Agreement of $77,830.20.

      *ii.*    *Pre-Judgment Interest*

Skyline further seeks pre-judgment interest on the default judgment.  *See* Pl. Memo., 9.  The Court applies New York law to determine whether to award pre-judgment interest.  *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008) ("[U]nder New York choice of law principles, the allowance of prejudgment interest is controlled by the law of [the state] whose law determined liability on the main claim.") (alteration in original) (internal quotation marks and citation omitted).  Under New York law, "[i]nterest is generally mandatory" upon a sum awarded for breach of contract at a rate of nine percent.  *Rhodes v. Davis*, 628 F. App'x 787, 792 (2d Cir. 2015) (citing N.Y. C.P.L.R. §§ 5001 (a) and 5004).  Interest is computed "from the earliest ascertainable date the cause of action existed."  N.Y. C.P.L.R. § 5001(b).  A breach of contract cause of action "accrues at the time of the breach."  *Gillespie v. St. Regis Residence Club*, 343 F. Supp. 3d 332, 347 (S.D.N.Y. 2018) (internal quotation marks and citations omitted).

Here, in light of Defendant's breach of contract, Plaintiff is entitled to pre-judgment interest at a rate of nine percent, accruing on October 29, 2017, which is when Great American's payment was due and thus when Defendant breached.  *See* Burton Decl. ¶ 19.  Applying the statutory rate of nine percent annual interest rate to the amount due on the Agreement of $77,830.20, interest accrues at a rate of $19.19 a day.  As of the date of this Report and Recommendation, interest has accrued for

10

645 days from October 29, 2017. The Court therefore recommends that Skyline be awarded $12,378.20 to recover pre-judgment interest through the date of this Report and Recommendation. The Court further recommends that Plaintiff be awarded $19.19 per day interest until the date on which judgment is entered. *See, e.g.*, *Amusement Indus., Inc. v. Stern*, No. 07-cv-11586, 2016 WL 7009194, at *3 (S.D.N.Y. Nov. 30, 2016), *report and recommendation adopted*, 2017 WL 57851 (S.D.N.Y. Jan. 4, 2017), *aff'd*, 721 F. App'x 9 (2d Cir. 2018) (awarding statutory pre-judgment interest until date of judgment).

    *iii.*   *Post-Judgment Interest*

Plaintiff further seeks post-judgment interest calculated pursuant to 28 U.S.C. § 1961 (a). Pl. Memo, 9-10. "[P]ost-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks and citation omitted); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute). Accordingly, the Court recommends awarding post-judgment interest to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. *See* 28 U.S.C. § 1961 (a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.").

## IV. CONCLUSION

For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion for default judgment against Great American be granted in part and denied in part. The Court recommends granting Skyline's motion based on Defendant's breach of contract and awarding Plaintiff: (i) $77,830.20 in damages; (ii) $12,378.20 in pre-judgment interest plus *per diem* interest of $19.19 until judgment is entered; and (iii) post-judgment interest pursuant to 28 U.S.C. § 1961(a). The Court further recommends that Skyline's motion be denied based on unjust enrichment and *quantum meruit*.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Skyline is directed to serve a copy of it on Defendant via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         August 5, 2019

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge